UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:  Case No. 8:16-bk-07375-CPM
Chapter 7

Vasilios M. Saroukos
Michele Saroukos

_____Debtors_____/

**TRUSTEE'S MOTION TO APPROVE SHORT SALE OF REAL PROPERTY, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS WITH CONSENT OF SECURED LENDER AND APPROVE SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE**

(Property: 11609 Windsorton Way, Tampa, Florida 33626)

**NOTICE OF HEARING**

A PRELIMINARY HEARING in this case will be held on **AUGUST 28, 2017 at 1:30 p.m. in Courtroom 8B,** Sam M. Gibbons United States Courthouse, 801 N. Florida Ave., Tampa, FL, 33602, before the Honorable Catherine Peek McEwen, United States Bankruptcy Judge, to consider this matter and transact such other business that may come before the Court.

1. The hearing may be continued upon announcement made in open Court without further notice.
2. Appropriate Attire. You are reminded that Local Rule 5072−1(b)(16) requires that all persons appearing in Court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.
3. Avoid delays at Courthouse security checkpoints. You are reminded that Local Rule 5073−1 **restricts the entry of cellular telephones** and, except in Orlando, computers into the Courthouse absent a specific order of authorization issued beforehand by the presiding judge. Due to heightened security procedures, persons must present photo identification to enter the Courthouse.

COMES NOW, Carolyn R. Chaney, Chapter 7 Trustee (the "Trustee") duly appointed

Chapter 7 Trustee for the above-referenced debtor (the "Debtor") pursuant to Sections 105 and

363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority

1

to sell certain real property of the estate and pay liens and encumbrances of record from the sales proceeds. In support thereof, the Trustee respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

## BACKGROUND

4. On August 26, 2016, the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5. Carolyn R. Chaney is the duly appointed and qualified Chapter 7 Trustee. The Trustee held and concluded the 341 meeting of creditors on October 20, 2016.

6. The Debtors scheduled a 100% ownership interest in the real property located at 11609 Windsorton Way, Tampa, Florida 33626 (the "Property") and legally described as follows: Lot 50, Block 1, WESTCHESTER PHASE 2B, according to the plat thereof as recorded in Plat Book 87, Page 14, Public Records of Hillsborough County, Florida.

7. The Debtors scheduled the Property as having a value of $260,000.00 subject to a mortgage in favor of Ocwen Loan Servicing, LLC on behalf of Deutsche Bank National Trustee Company, as Trustee for GSAMP Trust 2006-FM3, Mortgage Pass-Through Certificates, Series 2006-FM3 ("Secured Creditor") in the amount owed on the Petition Date of approximately $426,681.48.

8. The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtor's estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

   a. sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

   b. buy the Property from the Debtors' estate if (and only if) no such offer is made;

   c. release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

   d. agree to a 11 U.S.C. §506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and provide a carve out for the benefit of allowed unsecured creditors of the Debtors' estate.

9. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records, consisting of principal and interest (the "Secured Creditor Indebtedness").

10. The Trustee has accepted an offer from Alejandro Gallego to purchase the property for the amount of $300,000.00, as payment in full (subject to Court approval).

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

3

## RELIEF REQUESTED

11. The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, free and clear of all liens, using the services of BKRES and Listing Agent, and authorizing the payment of liens and encumbrances of record from the sales proceeds. As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale for $300,000.00 and the creation of a carve-out fund (the "Carve-Out Fund") in the amount of $15,000.00 for the bankruptcy estate that will provide a recovery for the creditors in this bankruptcy estate.

12. Any creditor, other than the Secured Creditor, asserting an interest or secured claim against the Property must file an objection to the sale prior to hearing on this matter.

## BASIS FOR RELIEF

### A. The Sale of the Property Should Be Approved

13. The Trustee seeks the Court's authority to sell the Property and pay all liens, claims, encumbrances of record, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and her professionals, pursuant to the Sale procedures described below.

14. Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtor's estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr.

S.D. Fla. 2008). Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

15. The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of approximately $15,000.00. Attached as Exhibit "A" is the Settlement Statement.

16. Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

17. Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities."); *see also In re MMH Auto. Group, LLC*, 385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

18. The Trustee states that she shall satisfy Section 363(f)(2) of the Bankruptcy Code because the Secured Creditor consents to a sale of the property.

19. The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely

assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers to this Motion prior to the hearing date. Otherwise, the Court may authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2] Failure to object after proper notice and opportunity to object is deemed consent. *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).

20.     The Trustee seeks authority to execute all documents and instruments she deems reasonable, necessary and/or desirable to close the sale. The only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

21.     The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs including State Documentary Stamps for the entire closing price pursuant to Florida Statute Sections 201.01 and 201.02; (4) 2% real estate commission to Future Home Realty, 2% real estate commission to Smart Homes Realty, 2% real estate commission to BK Global Real Estate Services; and (5) the carve-out to the bankruptcy estate of approximately $15,000.00. Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

### B. The Sale Will Be Undertaken by the Buyer in Good Faith

22. Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

23. The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see also *In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

24. The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion. Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of Section 363(m) of the Bankruptcy Code.

25. The Trustee further states that given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

26. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents she deems reasonable, necessary and/or

desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

## CONCLUSION

The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current market than other interested parties, and a sale under this motion serves the best interest of all interested parties, including the Secured Creditors. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sales price of $300,000.00 in exchange for the Property free and clear of all liens, encumbrances, or interests.

WHEREFORE, the Trustee moves for the entry of an Order:

A. Authorizing the sale of the Property and payment of liens and encumbrances of record from the sales proceeds;

B. Authorizing the sale of the property to the purchaser free and clear of any other interests asserted against the property;

C. Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property, including without limitation, executing a deed conveying the interests of the Debtors or any other party claiming an interest in the Property to the Purchaser;

D. Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, to make such disbursements on or after the closing of the sale as are required by the purchase agreement or Order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) payment of real estate commissions of 2% each to Future Home Realty, Smart Homes Realty and BK Global Real Estate Services; (d) other anticipated closing costs.

E. Determining that all affected interests have been adjudged and declared to be unconditionally released as to the Property;

F. Determining that the Buyer has not assumed any liabilities of the Debtors;

G. Determining that the Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and that the Buyer is entitled to all protections of Section 363(m) of the Bankruptcy Code,

H. Waive the 14-day stay pursuant to Rule 6004(h), and

I. Granting the Trustee such other and further relief as is just and proper.

DATED: August 2, 2017.                    Respectfully submitted,

/s/ Carolyn R. Chaney, Trustee
Post Office Box 530248
St. Petersburg, FL 33747-0248
Telephone: 727-864-9851
Email: carolyn.chaney@earthlink.net

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Motion has been served by U.S. Mail or electronic delivery on August 2, 2017, to:

Office of United States Trustee, USTP.Region21.ECF@USDOJ.GOV

Debtors: Vasilios and Michele Saroukos, 11609 Windsorton Way, Tampa, FL 33626

Attorney for Debtors: Tom H. Billiris, Esquire, P.O. Box 2006, Palm Habor, FL 34682; Email: tombilliris@gmail.com

Seth Greenhill, Esquire, Authorized Agent for Secured Creditor, 6409 Congress Avenue, Suite 100, Boca Raton, FL 33487; Email: sgreenhill@rasflaw.com

BK Global Real Estate Services, 1095 Broken Sound Parkway NW, Suite 200, Boca Raton, FL 33487

Future Home Realty, Inc., c/o Tanja Cisliek, 10575 68th Avenue North, Suite B-2, Seminole, FL 33772

Attached Creditor Matrix.

/s/ Carolyn R. Chaney, Trustee

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-8<br>Case 8:16-bk-07375-CPM<br>Middle District of Florida<br>Tampa<br>Wed Aug  2 14:50:17 EDT 2017 | BK Global Real Estate Services<br>1095 Broken Sound Parkway<br>Suite 200<br>Boca Raton, FL 33487-3503 | Community Bank of Manatee<br>c/o Andre R. Perron, Esquire<br>2025 Lakewood Ranch Blvd.,<br>Bradenton, FL 34211-4946 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY<br>Robertson Anschutz & Schneid, P.L.<br>6409 Congress ave Suite 100<br>Boca Raton, FL 33487-2853 | Future Home Realty<br>Tanja J. Cisliek<br>10575 68th Ave. N.<br>Seminole, FL 33772-6023 | Michele Saroukos<br>11609 Windsorton Way<br>Tampa, FL 33626-1329 |
| Vasilios M. Saroukos<br>11609 Windsorton Way<br>Tampa, FL 33626-1329 | R. James Stevens<br>PO Box 3162<br>Zephyrhills, FL 33539-3162 | American General Finance<br>Services America, Inc.<br>1701W. Hillsborough Ave., Su.<br>Deerfield Beach, FL 33442-1564 |
| Amerigas Propane<br>P.O. Box 105018<br>Atlanta, GA 30348-5018 | Bank of America<br>P.O. Box 15710<br>Wilmington, DE 19886-5710 | Chase Cardmember Services<br>p.o. bOX 15153<br>Wilmington, DE 19886-5153 |
| Coastline Emergency Physician<br>P.O. Box 15740<br>Wilmington, DE 19850-5740 | Colony Crossing SDM LLC<br>c/o Richard Heiden, Esq.<br>2723 SR 580<br>Clearwater, FL 33761-3343 | Community Bank of Manatee<br>2025 Lakewood Ranch Blvd.<br>Bradenton, Fl 34211-4946 |
| Community Bank of Manatee<br>c/o Andre Perron<br>2025 Lakewood Ranch Blvd.,<br>Bradenton, FL 34211-4946 | Discover Financial Credit Services<br>P.O. Box 90<br>Clearwater, FL 33757-0090 | Florida Department of Revenue<br>5050 Tennessee St.<br>Tallahassee, FL 32399-0100 |
| Huntington National Bank<br>7 Easton Oval, EA4W122<br>Columbus, OH 43219-6060 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | JP Morgan Chase<br>200 White Clay Center Dr.<br>Newark, DE 19711-5466 |
| JP Morgan Chase Bank<br>P.O. box 901076<br>Fort Worth, TX 76101-2076 | Ocwen<br>P.O. Box 6440<br>Carol Stream, IL 60197-6440 | Regions Bank<br>P.O. Box 2224<br>Birmingham, AL 35246-0009 |
| Roma Food PFG<br>7520 Chancellor Drive<br>Orlando, FL 32809-6919 | State of Florida - Department of Revenue<br>Post Office Box 6668<br>Tallahassee, FL 32314-6668 | Sysco West Coast Florida, Inc.<br>c/o Hiday & Ricke, P.A.<br>Jacksonville, FL 32255-0858 |
| Westchester Hills HOA<br>11902 Race Track Rd<br>Tampa, FL 33626-3107 | Westchester of Hillsborough Homeowners Assoc<br>C/O Tankel Law Group<br>1022 Main Street, Suite D<br>Dunedin, FL 34698-5237 | Carolyn R. Chaney +<br>PO Box 530248<br>St. Petersburg, FL 33747-0248 |

United States Trustee - TPA7/13 +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Tom H Billiris +
Tom H. Billiris, PA
PO Box 2006
Palm Harbor, FL 34682-2006

Frank Jose Gomez +
Robertson, Anschutz and Schneid, P.L
6409 Congress Ave, Suite 100
Boca Raton, FL 33487-2853

April G Harriott +
Roberson, Anschutz & Schneid, PL
6409 Congress Avenue
Boca Raton, FL 33487-2853


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Michele Saroukos
11609 Windsorton Way
Tampa, FL 33626-1329

End of Label Matrix
Mailable recipients    33
Bypassed recipients     1
Total                  34